## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**JOSEPH DENNISON DAVIS,**

       **Plaintiff,**

       **v.**

       **Case No. 2:24-CV-02279-JAR-ADM**

**VESTWELL HOLDINGS, INC.,**

       **Defendant.**

## MEMORANDUM AND ORDER

Pro se Plaintiff Joseph Dennison Davis filed this removal action against his former employer, Defendant Vestwell Holdings, Inc, alleging that Defendant violated various federal statutes and breached Plaintiff's employment agreement when it withheld taxes from his paychecks.  This matter is now before the Court on Defendant's Motion to Dismiss (Doc. 6) for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and Plaintiff's Motion to Strike and for Summary Judgment (Doc. 16).  The motions are fully briefed, and the Court is prepared to rule. For the reasons stated below, the Court grants Defendant's motion to dismiss, denies Plaintiff's motion to strike, and denies Plaintiff's motion for summary judgment as moot.

## I.    Motion to Strike

Fed. R. Civ. P. 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[1]  The Court may act on its own, or on a motion made by a party.[2]  Striking a pleading is a drastic measure, and may often be brought as a dilatory tactic, thus motions to strike under Rule 12(f) are generally

---

[1] Fed. R. Civ. P. 12(f).

[2] *Id.*

disfavored.[3]  Because motions to strike are disfavored, "[t]he court 'should decline to strike material from a pleading unless that material has no possible relation to the controversy and may prejudice the opposing party.'"[4]

Here, Defendant has filed three types of documents in this action: (1) documents related to removal,[5] (2) documents related to its motion to dismiss,[6] and (3) documents responsive to Plaintiff's filings.[7]  Plaintiff argues that all documents filed by Defendant should be stricken because Defendant's counsel "has no first-hand knowledge of any facts and is not and never was an original party to the contract(s)."[8]  This argument has no merit.

To be clear, Defendant is a corporation, and "[t]he rule is well established that a corporation can appear in a court of record only by an attorney at law."[9]  Thus, not only is Defendant permitted to rely on its attorneys of record to file documents on its behalf, but Defendant is generally required to do so.  None of the legal authority cited by Plaintiff supports the argument that an attorney must have first-hand knowledge or be a party to the contract at issue to represent his or her client in federal court.  Furthermore, as Defendant correctly argues, documents related to its motion to dismiss are not pleadings, and thus cannot be the subject of a

---

[3] *Nwakpuda v. Falley's, Inc.*, 14 F. Supp. 2d 1213, 1215 (D. Kan. 1998); *Thompson v. Jiffy Lube Int'l, Inc.*, No. 05-1203, 2005 WL 2219325, at *1 (D. Kan. Sept. 13, 2005).

[4] *Falley v. Friends Univ.*, 787 F. Supp. 2d 1255, 1257 (D. Kan. 2011) (quoting *Wilhelm v. TLC Lawn Care, Inc.*, No. 07-2465, 2008 WL 474265, at *2 (D. Kan. Feb. 19, 2008)).

[5] Docs. 1–2, 8.

[6] Docs. 6–7, 15.

[7] Docs. 17, 21.

[8] Doc. 16 at 12.

[9] *Flora Const. Co. v. Fireman's Fund. Ins. Co.*, 307 F.2d 413, 414 (10th Cir. 1962) (collecting cases).

Rule 12(f) motion to strike.[10]  The same is true for Defendant's responses to Plaintiff's filings.[11]

Lastly, Defendant, through its attorneys, has a statutory right to remove the case Plaintiff filed in

state court pursuant to 28 U.S.C. § 1441, and therefore Defendant's filings related to removal

should not be stricken.[12]

     Plaintiff's motion to strike is denied.

## II.    Motion to Dismiss

### A.  Standard

     Fed. R. Civ. P. 12(b)(6) provides for dismissal for failure to state a claim upon which

relief can be granted.  To survive a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), a

complaint must contain factual allegations that, assumed to be true, "raise a right to relief above

the speculative level"[13] and include "enough facts to state a claim to relief that is plausible on its

face."[14]  The plausibility standard does not require a showing of probability that "a defendant has

acted unlawfully," but requires more than "a sheer possibility."[15]  "[M]ere 'labels and

conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a

plaintiff must offer specific factual allegations to support each claim."[16]  The Court must accept

---

[10] *See Ceva Animal Health, LLC v. Mustang Fliers, Inc.*, No. 24-CV-2130-EFM, 2024 WL 3400245, at *2 (D. Kan. July 12, 2024) ("[M]otions to dismiss are not pleadings.  Thus, a party cannot use Rule 12(f) 'to strike motions, memoranda, responses, or replies.'" (quoting *Ray v. Core Carrier Corp.*, No. 20-CV-02448-JAR-TJJ, 2021 WL 365092, at *2 (D. Kan. Feb. 3, 2021))).

[11] *See id.*

[12] *See McKenzie v. AAA Auto Fam. Ins. Co.*, No. 10-2160-RDR, 2010 WL 1816673, at *1–2 (D. Kan. May 5, 2010) (denying plaintiff's motion to strike defendant's notice of removal).

[13] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216, at 235–36 (3d ed. 2004)).

[14] *Id.* at 570.

[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

[16] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[17]

Because Plaintiff proceeds pro se, the Court must construe Plaintiff's pleadings liberally and apply a less stringent standard than that which is applicable to attorneys.[18]  Thus, if a pro se plaintiff's complaint can reasonably be read "to state a valid claim on which the plaintiff could prevail, [the court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[19]  However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant."[20]  For that reason, the Court will not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues,"[21] nor will it "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[22]  Furthermore, Plaintiff's pro se status does not excuse him from complying with federal and local rules.[23]

---

[17] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

[18] *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997) (citing *Gagan v. Norton*, 35 F.3d 1473, 1474 n.1 (10th Cir. 1994)).

[19] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[20] *Id.*

[21] *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (citing *Dunn v. White*, 880 F.2d 1188 (10th Cir. 1989)).

[22] *Whitney*, 113 F.3d at 1175.

[23] *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)); D. Kan. Local Rule 83.5.4(f) ("Any party appearing on his or her own behalf without an attorney is expected to read and be familiar with the Rules of Practice and Procedure of this court [and] the relevant Federal Rules of Civil Procedure . . . .").

### B. Facts

The following facts are derived from Plaintiff's Complaint and construed liberally.[24] Plaintiff maintains that he is a non-citizen national, and not a citizen, of the United States. On or about January 7, 2022, Plaintiff was hired by Defendant as an Investments Associate. Plaintiff's agreed-upon annual salary was $70,000, to be paid by Defendant semi-monthly.

When Plaintiff signed his employment agreement with Defendant, he also signed Internal Revenue Service ("IRS") Form W-4 which labeled him a "taxpayer." Defendant withheld taxes from Plaintiff's wages in accordance with the information Plaintiff provided on his Form W-4. Around the fall of 2023, Plaintiff learned of IRS Form W-8 BEN, which he believed was the correct tax withholding document he should have signed as a non-citizen national; Plaintiff believed he was coerced into signing the Form W-4 which he claims erroneously labeled him a taxpayer. On December 28, 2023, in an attempt to correct this issue, Plaintiff provided Defendant with a photocopy of his passport card and his W-4 termination letter, informing Defendant of his correct tax status. On January 4, 2024, Plaintiff emailed Defendant a clarification of the documents he provided on December 28, 2023. Defendant's HR representative responded via email on January 5, 2024, with the following:

> [T]he Company will continue to withhold taxes from your compensation as required by the Internal Revenue Code in accordance with your current Form W-4 on file (of course you can update your current Form W-4 if you wish). Note that if your Form W-4 was to be terminated as you requested, we would be required to withhold federal income taxes from your compensation as if you were single or married filing separately with no other entries on step 2, 3, or 4 of the Form W-4. This means that a single filer's standard deduction with no other entries would be

---

[24] Doc. 1-2.

considered in determining your withholding.  (See IRS Topic No.
753, Form W-4 – Employee's Withholding Certificate.)[25]

On January 29, 2024, Defendant's HR representative informed Plaintiff via a Zoom call

that his employment was terminated as of that day.  Defendant emailed Plaintiff the termination

letter and severance package on February 2, 2024.  Defendant withheld taxes from Plaintiff's

wages throughout the entirety of his employment.

At some point before his termination, Plaintiff sent Defendant an "affidavit contract."

Plaintiff contends that by failing to rebut the affidavit contract during the "cure period" provided

by Plaintiff, Defendant defaulted on the contract and agreed to its terms.

On April 29, 2024, Plaintiff filed suit against Defendant in the District Court of Johnson

County, Kansas alleging that Defendant illegally withheld taxes from his compensation in

violation of various federal statutes and his employment agreement.  Defendant timely removed

the action to the United States District Court for the District of Kansas on June 28, 2024.

## C.  Discussion

Liberally construing the Complaint, Plaintiff alleges the following claims for relief:

fraudulent statement or failure to make statement to employees in violation of 26 U.S.C. § 7204

(Count One); fraud and false statements in violation of 26 U.S.C. § 7206 (Count Two); breach of

a written contract (Count Three); money laundering in violation of 18 U.S.C. § 1956 (Count

Four); enticement into slavery in violation of 18 U.S.C. § 1583, sale into involuntary servitude in

violation of 18 U.S.C. § 1584, forced labor in violation of 18 U.S.C. § 1589, benefiting

financially from peonage, slavery, and trafficking in persons in violation of 18 U.S.C. § 1593A

(Count Five); and frauds and swindles in violation of 18 U.S.C. § 1341 (Count Six).  Defendant

---

[25] *Id.* at 7.

moves to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. For the reasons discussed below, the Court grants Defendant's motion to dismiss.

### 1. Plaintiff's Claims are Barred by the Internal Revenue Code

Plaintiff claims that he is entitled to relief because Defendant unlawfully withheld taxes from Plaintiff's compensation in violation of several statutes and the employment contract the parties allegedly agreed to. However, Plaintiff cannot maintain a lawsuit on that basis because Defendant was legally obligated by federal statute to withhold taxes from Plaintiff's wages.

The Internal Revenue Code requires that "every employer making payment of wages shall deduct and withhold upon such wages a tax determined in accordance with tables or computational procedures prescribed by the Secretary."[26] The Code further states that "[t]he employer shall be liable for the payment of the tax required to be deducted and withheld . . . and shall not be liable to any person for the amount of such payment."[27] "These provisions ensure that an 'employer is not liable to an employee for complying with its legal duty to withhold tax [under 26 U.S.C. § 3402].'"[28] For example, in *Bright v. Bechtel Petroleum, Inc.*, the Ninth Circuit affirmed a district court's dismissal of an employee's lawsuit against his employer for withholding taxes from the plaintiff's wages.[29] Citing the Internal Revenue Code, the court explained that "suits by employees against employers for tax withheld are 'statutorily barred.'"[30]

Here, according to Plaintiff, Defendant withheld taxes from Plaintiff's wages. Thus, Defendant was in compliance with its relevant obligations under the Internal Revenue Code. As

---

[26] 26 U.S.C. § 3402(a)(1).

[27] *Id.* § 3403.

[28] *Plazzi v. FedEx Ground Package Sys., Inc.*, 52 F.4th 1, 5 (1st Cir. 2022) (alteration in original) (quoting *Schagunn v. Gilland*, 617 F. App'x. 814, 814 (9th Cir. 2015)).

[29] 780 F.2d 766, 770 (9th Cir. 1986).

[30] *Id.* (quoting *Chandler v. Perini Power Constructors, Inc.*, 520 F. Supp. 1152, 1156 (D.N.H. 1981)).

discussed, Plaintiff is statutorily barred from suing Defendant for fulfilling its obligation under the Code.[31]   Therefore, all of Plaintiff's claims are dismissed.

## 2.   Statutory Claims

Even if Plaintiff's claims were not barred by the Internal Revenue Code, his claims that Defendant violated numerous federal statutes would still not survive Defendant's motion to dismiss.   First, many of the statutes Plaintiff seeks relief under do not provide a private right of action, and second, Plaintiff has failed to allege sufficient facts to establish that Defendant violated any of these statutes.

All of the statutes Plaintiff claims relief under are criminal statutes that provide for criminal liability against those who violate them.   Some of these statutes also provide for civil liability.   For example, 18 U.S.C. §§ 1583, 1584, 1589, and 1593A (Count Five) expressly provide for a private right of action.[32]   However, 26 U.S.C. § 7204 (Count One);[33] 26 U.S.C. § 7206 (Count Two);[34] 18 U.S.C. § 1956 (Count Four);[35] and 18 U.S.C. § 1341 (Count Six)[36] do

---

[31] Plaintiff's request for injunctive relief is further barred by 26 U.S.C. § 7421 which bars any suit brought "for the purpose of restraining the assessment or collection of any tax."   26 U.S.C. § 7421; *see also Crim v. Tad Tech. Servs. Corp.*, 978 F.2d 1267 (10th Cir. 1992).

[32] 18 U.S.C. § 1595(a) ("An individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator . . . .").

[33] *See Washington v. City of Los Angeles*, No. EDCV 15-1809-DSF (AGR), 2016 WL 8732329, at *4 (C.D. Cal. Mar. 25, 2016) ("There is no private right of action under . . . § 7204 . . . ."); *Rumfelt v. Jazzie Pools, Inc.*, No. 1:11cv1217 (JCC/TCB), 2011 WL 2144553, at *5 (E.D. Va. May 31, 2011) (explaining that § 7204 does not permit a civil cause of action).

[34] *See Payn v. Gerald E. Kelley*, No. CIV-15-1089-D, 2015 WL 7779701, at *3 (W.D. Okla. Dec. 2, 2015) (stating that § 7206 does not permit a private right of action); *Gidding v. Zurich Am. Ins. Co.*, No. 15-CV-001176-HSG, 2015 WL 6871990, at *4 (N.D. Cal. Nov. 9, 2015) (dismissing plaintiff's purported causes of action under § 7206 because § 7206 does not provide for a private right of action).

[35] *See United States v. Bergman*, 550 F. App'x 651, 655 (10th Cir. 2013) (stating that § 1956 does not provide for a private cause of action); *Anderson v. Pollard*, No. 18-CV-00582-GKF-FHM, No. 2019 WL 10813621, at *4 (N.D. Okla. Apr. 8, 2019) (same).

[36] *Crownhart v. Colorado*, No. 24-1208, 2024 WL 3339916, at *2 (10th Cir. July 9, 2024) ("[N]othing in § 1341 can be read as creating a private cause of action." (citing *Andrews v. Heaton*, 483 F.3d 1070, 1076)).

not provide a private right of action; they must be brought by the United States in a criminal action.[37]

To the extent a private right of action exists under these statutes, Plaintiff's Complaint fails to allege facts sufficient to state plausible claims. Plaintiff's characterizations of Defendant's actions in withholding taxes as "theft" and "fraud" are insufficient to state a claim upon which relief can be granted. Further, Plaintiff's conclusory allegations of coercion are insufficient to survive Defendant's motion to dismiss. Thus, Counts One, Two, Four, Five, and Six must be dismissed for failure to state a claim.

### 3. Breach of Contract Claim

Plaintiff's breach of contract claim alleged in Count Three should also still be dismissed even if it is not barred by the Internal Revenue Code.

Plaintiff alleges that he contracted with Defendant to provide services as an Investments Associate in exchange for an annual salary of $70,000 to be paid by Defendant semi-monthly. Count Three of Plaintiff's Complaint alleges that Defendant breached this alleged contract. The elements for a breach of contract claim under Kansas law are: (1) the existence of a contract between the parties; (2) consideration; (3) the plaintiff's performance or willingness to perform in compliance with the contract; (4) defendant's breach of the contract; and (5) that plaintiff suffered damage caused by the breach.[38] For the purposes of its motion to dismiss, Defendant does not dispute the existence of the first three elements. Instead, Defendant argues that Plaintiff's Complaint failed to sufficiently allege either a breach or damages. The Court agrees.

---

[37] *See Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) (explaining that the Court generally declines to infer a private cause of action based on a criminal prohibition alone).

[38] *Stechschulte v. Jennings*, 298 P.3d 1083, 1098 (Kan. 2013).

Plaintiff's Complaint fails to sufficiently allege a breach.  Plaintiff claims that Defendant breached the alleged contract when it failed to pay Plaintiff the entire amount of compensation owed under the contract and instead "regularly stole a portion of [Plaintiff's] compensation under the guise of 'tax withholdings' that were never owed by the [Plaintiff]" due to Plaintiff's citizenship status.[39]  However, as the Tenth Circuit explained in *U.S. Fidelity & Guaranty Co. v. United States*, "when an employer withholds the tax from an employee's wage and pays him the balance the employee has been paid in full.  He has received his full wage. . . . The employer has discharged his contractual obligation to pay the full wage."[40]  And, as noted above, an employer's duty to withhold taxes from its employee's wages originates from the Internal Revenue Code, so it is not necessary that the employment contract include this employer obligation.[41]  Here, accepting Plaintiff's factual allegations as true, Defendant, Plaintiff's employer, withheld taxes from Plaintiff's wages and paid him the balance.  Thus, Plaintiff was paid in full and Defendant discharged its contractual obligation to pay Plaintiff; there was no breach.  Furthermore, because Plaintiff failed to sufficiently allege a breach, he cannot allege that he suffered damages caused by a breach.

Moreover, "[c]ontracts in contravention of public policy are void and unreasonable."[42]  "An agreement is against public policy if it . . . violates some public statute . . . ."[43]  Here, if the alleged contract at issue required Defendant to pay Plaintiff without properly withholding federal

---

[39] Doc. 1-2 ¶ 82.

[40] 201 F.2d 118, 120 (10th Cir. 1952).

[41] *See* 26 U.S.C. § 3402(a)(1); *U.S. Fidelity & Guaranty Co.*, 201 F.2d at 119 (explaining that federal tax laws, not contractual obligations, required employer to withhold taxes from its employee's wages).

[42] *Petty v. City of El Dorado*, 19 P.3d 167, 172 (Kan. 2001).

[43] *Hunter v. Am. Rentals, Inc.*, 371 P.2d 131, 133–34 (Kan. 1962).

income taxes as required by federal statute, the contract is against public policy and unenforceable by the Court.

Thus, even if it was not barred by the Internal Revenue Code, Count Three of Plaintiff's Complaint would still be dismissed.

### 4.  Plaintiff's Motion for Summary Judgment is Moot

Plaintiff moves for summary judgment on all of his claims pursuant to Fed. R. Civ. P. 56. However, the Court's ruling on Defendant's motion to dismiss disposes of Plaintiff's entire lawsuit, and thus, there are no remaining claims upon which relief may be granted.  Therefore, the Court denies Plaintiff's motion for summary judgment as moot.

### III.    Defendant's Request for Filing Restrictions

In Defendant's brief in opposition to Plaintiff's motion to strike and motion for summary judgment, it asked the Court to enforce filing restrictions on Plaintiff to prevent Plaintiff from filing frivolous documents and motions.[44]  "A district court has power under 28. U.S.C. § 1651(a) to enjoin litigants who abuse the court system by harassing their opponents."[45]   Filing restrictions are reserved for litigants with an "abusive and lengthy" litigation history.[46]  Plaintiff does not appear to have a litigation history in this Court beyond his participation in this case (which Defendant removed).  And the Court does not find that his filings are "abusive and lengthy" in this case.  Thus, the Court denies Defendant's request to impose future filing restrictions on Plaintiff at this time.

---

[44] Doc. 17 at 5.

[45] *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989).

[46] *Id.*

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Dismiss (Doc. 6) is **granted**.  Plaintiff's Motion for Summary Judgment (Doc. 16) is **therefore moot**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike (Doc. 16) is **denied**.  The Clerk is directed to enter judgment in favor of Defendant.

**IT IS SO ORDERED.**

Dated: December 30, 2024

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE